# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHELLY A. WOODS,            )
                            )
            Plaintiff,      )
                            )
v.                          )   Case No. CIV-16-200-KEW
                            )
NANCY A. BERRYHILL, Acting  )
Commissioner of Social      )
Security Administration,    )
                            )
            Defendant.      )

## OPINION AND ORDER

Plaintiff Shelly A. Woods (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 41 years old at the time of the ALJ's decision. Claimant obtained her GED and some college. Claimant has worked in the past as a certified nurse's aide. Claimant alleges an inability to work beginning January 1, 2011 due to limitations resulting from back problems, foot pain after a broken heel injury, and anxiety/panic attacks.

## Procedural History

On November 15, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 18, 2014 and August 25, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") J. Frederick Gatzke by video with Claimant appearing in McAlester, Oklahoma and the ALJ presiding from Paris, Texas. By decision dated December 2, 2014, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review of the ALJ's decision on March 28, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching an RFC which was not supported by substantial evidence; and (2) finding jobs existed that Claimant could perform at step five.

**RFC Determination**

In his decision, the ALJ found Claimant suffered from the severe impairments of remote history of fracture of the left calcaneus in 2008, obesity, degenerative disc disease of the cervical spine, lumbar disc disease, bipolar disorder, depression, post-traumatic stress disorder ("PTSD"), anxiety, and Hepatitis C (not under current treatment). (Tr. 14). The ALJ determined Claimant retained the RFC to perform sedentary work, except he restricted Claimant to only incidental public contact and no more than detailed work instructions. (Tr. 15).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of document scanner, address clerk, and product inspector, all of which the ALJ found existed in sufficient numbers in both the regional and national economies. (Tr. 22). As a result, the ALJ determined Claimant was not disabled from January 1, 2011 through the date of the decision. Id.

Claimant contends the RFC is not supported as a result of a number of alleged errors. Claimant first states that the ALJ

5

failed to properly evaluate the opinion of who she characterizes as one of her treating physicians, Dr. John Wellman. Dr. Wellman completed a medical source statement dated August 9, 2014. He opined Claimant could lift/carry less than ten pounds, stand/walk less than two hours in an eight hour workday, must periodically alternate sitting and standing, and experiences limitations in pushing/pulling with her upper and lower extremities.

Dr. Wellman also found Claimant could never climb stairs, ladders, ropes, or scaffolds, balance, crouch, or crawl. Claimant was also determined to be limited in reaching, handling, fingering, and feeling. She should not be exposed to temperature extremes, vibration, or hazards. Dr. Wellman attributed these limitations to a bulging disc at C3-C4 which contacted the subarachnoid space, a heel fracture and reflex sympathetic dystrophy, compression of the cervical spine, chronic pain exacerbated by pressure, spasms in the cervical and thoracic spines due to prolonged sitting requiring a change in position. (Tr. 805-07).

The ALJ could not find a treatment record from Dr. Wellman and, therefore, concluded he was not a treating physician. He also criticized Dr. Wellman's citation to "old evidence" from 2008 and 2009 to support his findings. The ALJ stated that Claimant returned to substantial gainful activity after these tests were

6

performed. He also found no evidence in the record to the spinal cord compression to which Dr. Wellman referred. The ALJ determined Claimant's activities of daily living did not support the level of limitations set out in Dr. Wellman's opinion. He gave Dr. Wellman's opinion "little weight." (Tr. 20).

As for Dr. Wellman's treating physician status, Claimant refers the Court to a treatment record from June of 2015 which is attached to her brief which indicates Dr. Wellman was with the St. Madron Medical Clinic (previously the Wellness Clinic of Roland), a facility from which Claimant sought treatment. This record is certainly outside of the relevant period. Claimant does not direct the Court to any document in the administrative record which indicates Dr. Wellman rendered treatment to Claimant during the period under consideration. The ALJ did not commit error in declining to recognize Dr. Wellman as a treating source and declining to give his opinion controlling weight. *See* Doyal v. Barnhart, 331 F.3d 758, 763 (10th Cir. 2003).

The ALJ did not give Dr. Wellman's opinion greater weight because the evidence upon which he relied was aged but, more importantly, Claimant worked after the testing was performed. This activity would be appropriate for the ALJ to rely upon in rejecting Dr. Wellman's opinion. *See* 20 C.F.R. § 404.1572.

The ALJ also rejected Dr. Wellman's opinion because it was not consistent with Claimant's admitted activities. As Defendant indicates, in August of 2014, Dr. Tracy M. Baker noted after an examination of Claimant that she had "[n]o physical disability. Severe visual impairment. Normal activities of daily living." (Tr. 809). Claimant also reported that she performed significant activities of daily living. (Tr. 253-56, 451-52). The level of these activities also belie Dr. Wellman's statements of limitation.

The ALJ also found the medical evidence contradicted Dr. Wellman's findings. He reported a cord compression on the right when the remainder of the medical treatment records do not reveal such a condition. Again, the inconsistency in the record and Dr. Wellman's report formed a reasonable and reliable bases for giving the opinion diminished weight.

Claimant also contends the ALJ improperly assessed the opinion provided by Dr. Theresa Horton, a licensed psychologist engaged as a consultative examiner in this case. Dr. Horton examined Claimant on February 19, 2013 and diagnosed her with Dysthymia, early onset; Major Depressive Disorder, Recurrent, Moderate with chronic irritability; and Panic Disorder. She also demonstrated Dependent Personality Traits. (Tr. 708). She concluded her report by stating

8

> Ms. Woods appears capable of understanding, remembering and managing simple and complex instructions and tasks, She likely will struggle with ability to do so successfully in most occupational settings at this time. She likely would benefit from more intense cognitive/behavioral focused counseling in order to see any marked decrease in her anxious symptoms.

Id.

The ALJ gave Dr. Horton's opinion concerning the likelihood she would struggle in an occupational setting "little weight." He found the opinion was based upon Claimant's subjective complaints and presentation at the examination. He also found Claimant's statement that she felt anxious when socializing or being in public places was inconsistent with other statements in the record which indicated Claimant had improved her life after treatment for panic. (Tr. 20).

"[T]he fact that a medical source relies on a plaintiff's subjective reports of her symptoms provides no basis for discrediting a medical opinion." Gonzales v. Colvin, 69 F. Supp. 3d 1163, 1170-71 (D. Colo. 2014) citing Nieto v. Heckler, 750 F.2d 59, 60-61 (10th Cir. 1984); Gutierrez v. Astrue, 2008 WL 5246300, at 4 (D.Colo. Dec. 15, 2008). "The ALJ's own disbelief of plaintiff's subjective complaints provides no basis on which to discredit an otherwise valid medical source opinion, since the ALJ may not substitute his lay opinion on the effect of medical

9

findings for that of a medical professional." Id. citing Hamlin v. Barnhart, 365 F.3d 1208, 1221 (10th Cir. 2004); McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)("[A]n ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.").

The ALJ should not have merely rejected the opinion out of hand based upon Dr. Horton's reliance upon Claimant's subjective statements.  Indeed, psychological testing will largely be based upon such statements and the examiner's professional expertise to ferret out any malingering or fakery.  Although Defendant argues the ALJ did not reject the opinion because it was based upon Claimant's subjective statements, that is precisely the basis for rejection the ALJ expressly provided.  On remand, the ALJ shall re-evaluate Dr. Horton's opinion and consider her professional conclusions.

Claimant asserts the ALJ failed to find her physical and mental conditions imposed a sufficiently severe limitation upon her ability to engage in basic work activities.  As for her physical condition, Claimant suggests that her foot and back conditions precluded her from standing/walking for the two hours provided by

sedentary work.  Nothing in the medical record suggests the level of restriction Claimant now argues.  The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  The ALJ did not err in failing to find additional restrictions attributable to Claimant's physical condition.

As for Claimant's mental condition and the effect it may have upon Claimant's ability to engage in basic work activity, the ALJ shall re-evaluate her mental status once he has properly considered Dr. Horton's opinion.

Claimant contends the ALJ improperly assessed her credibility.

She argues the ALJ failed to consider her attempts to return to work, her treatment history, and medications for pain in assessing the credibility of her statements. The ALJ properly recited Claimant's testimony of limiting conditions and indicated contradictions with the statements in the record. (Tr. 21).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ properly analyzed and considered Claimant's testimony and no error is attributed to his credibility analysis.

The ALJ also considered the third party statement of Claimant's daughter but did not base "afford[ing] significant consideration or weight" to the statement upon its content but rather upon the subjective statement of Claimant and its consistency with the objective medical record. On remand, he should set forth the specific basis for the weight given to the daughter's statement and consider its content. Soc. Sec. R. 85-16.

### Step Five Evaluation

Claimant asserts the ALJ failed to include all of her

impairments in the hypothetical questions posed to the vocational expert employed in this case.  Since the ALJ is re-evaluating Claimant's mental condition on remand, he shall also consider any modifications to the questions posed to the expert in order to accurately represent Claimant's limitations contained in the RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 26th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE